United States District Court
Southern District of Texas
**ENTERED**
February 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHAN BERNARD GUILLORY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1831 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner filed this *pro se* state inmate habeas petition under 28 U.S.C. § 2254 challenging his 2005 conviction and sixty-year sentence for murder. Respondent filed a motion for summary judgment on November 9, 2021, and served petitioner a copy at his address of record that same date. (Docket Entry No. 23.) Despite expiration of a reasonable period of time of ninety days, petitioner has not responded to the motion, and the motion is deemed unopposed.

Having considered the motion, the pleadings, the record, and the applicable law, the Court DISMISSES this lawsuit for the reasons shown below.

### Background

A Harris County jury found petitioner guilty of murder, and the trial court sentenced him to sixty-years' incarceration on January 24, 2005. The conviction was affirmed on appeal in *Guillory v. State*, No. 01-05-00076-CR (Tex. App.—Houston [1st Dist.] 2005, pet.

ref'd), and discretionary review was refused on March 29, 2006. *Guillory v. State*, PDR No. 1917-05 (Tex. Crim. App. 2006).

Petitioner filed his first application for state habeas relief with the trial court on June 26, 2007, and filed an amended petition on February 23, 2018.[1] He filed the instant petition for federal habeas relief on May 29, 2018, during pendency of the state habeas proceedings. Petitioner moved to stay and abate his federal petition pending exhaustion in state court, which this Court granted. Petitioner's application for state habeas relief was subsequently dismissed on April 8, 2020, as noncompliant under Texas Rule of Appellate Procedure 73.2.

Petitioner then filed a second (compliant) application for state habeas relief on December 3, 2020. The application was denied on July 9, 2021, without a written order on findings of the trial court after a hearing and on the state court's independent review of the record. The Court granted petitioner's ensuing motion to reinstate the instant federal habeas proceeding on August 10, 2021.

---

[1] The state habeas record shows that the trial court ordered trial counsel to file a habeas affidavit on July 30, 2007, which counsel complied with nearly two years later, on July 8, 2009. (Docket Entry No. 24-15, pp. 22–31.) Over two years after that, on July 26, 2011, habeas counsel filed a motion seeking appointment of an investigator to investigate purported new evidence. *Id.*, p. 34. The trial court granted the motion on July 27, 2011. *Id.*, p. 35. The state habeas record reflects no further activity until February 23, 2018, when habeas counsel filed the amended application for state habeas relief. *Id.*, p. 36.

Petitioner raises the following habeas claims in this proceeding:

1.  The trial court erred by admitting evidence in violation of the Confrontation Clause.

2.  Trial counsel was ineffective for:

    a.  failing to preserve the Confrontation Clause error;

    b.  failing to investigate and present facts tending to show that someone else committed the crime; and

    c.  failing to investigate and present facts that mitigated the evidence of gang affiliation and other mitigating facts.

3.  The evidence was insufficient.

Respondent argues that these claims are barred by limitations and/or are unexhausted and procedurally defaulted. Petitioner has not controverted these arguments.

## *Analysis*

### *Procedural Default*

Before seeking federal habeas review, a state prisoner is required to exhaust remedies by presenting his claims to the state courts in a procedurally proper manner. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review from his direct appeal or an application for state habeas relief under the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).

Where a prisoner fails to pursue available state court remedies, or where remedies are rendered unavailable by a prisoner's own procedural default, federal courts are barred from reviewing the claims.  *See Coleman v. Thompson*, 501 U.S. 722, 31–32 (1991); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  Nevertheless, a procedurally defaulted claim may be considered if the petitioner can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750–51; *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010).  A petitioner can satisfy the fundamental miscarriage exception by showing by a preponderance of the evidence that he is actually innocent of the crime for which he was convicted.  *Id*. at 822–823.  Actual innocence means factual innocence, not legal insufficiency.  *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).  To meet the threshold requirement for an actual innocence claim, a petitioner must show that in light of new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The exhaustion issue in the instant case must be considered in light of claims raised by petitioner at four different stages of his state court proceedings:  direct appeal, the petition for discretionary review ("PDR"), the first state habeas application, and the second state habeas application.  The record shows that petitioner raised the following claims during these stages:

*Direct appeal*:  factual insufficiency of the evidence; use of inadmissible hearsay evidence; violation of his confrontation rights; and use of inadmissible character evidence.  The state intermediate court of appeals overruled the claims on the merits and affirmed the conviction.

*PDR*:  use of inadmissable hearsay evidence.  The Texas Court of Criminal Appeals refused discretionary review.

*First state habeas application*:  violation of his confrontation rights; ineffective assistance in failing to preserve the confrontation violation; ineffective assistance in failing to show that a third party committed the offense; ineffective assistance in failing to investigate mitigating evidence to off-set his gang affiliation; and ineffective assistance in failing to investigate and present various mitigating evidence during punishment.  The Texas Court of Criminal Appeals dismissed the petition as non-compliant.

*Second state habeas application*:  ineffective assistance in failing to investigate and present various mitigating evidence, including gang affiliation, during punishment; ineffective assistance in failing to show that a third party committed the offense; and ineffective counsel in failing to preserve confrontation error.  The Texas Court of Criminal Appeals denied the claims on the merits.

As can be seen, petitioner properly exhausted only his claims for use of inadmissible hearsay evidence and ineffective assistance of counsel as to mitigation evidence, commission of the offense by a third party, and failure to preserve confrontation error.  Accordingly, petitioner's claims for trial court error violating his confrontation rights and insufficiency of the evidence are procedurally defaulted.  Petitioner has not filed a response to the motion for summary judgment and the record does not otherwise disclose any cause for his default or that a fundamental miscarriage of justice will result if the Court does not consider the merits of his defaulted claims.

Respondent is entitled to summary judgment dismissal of petitioner's procedurally defaulted claims regarding trial court error as to his confrontation rights and insufficiency of the evidence.

Petitioner fares no better as to his exhausted claims, as they are barred by limitations, as shown below.

*Limitations*

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

The record does not reflect that any unconstitutional State action impeded petitioner from filing for federal habeas relief prior to the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  Further, petitioner has not shown that he could not have discovered the factual predicate of his claims until after his conviction became final.  28 U.S.C. § 2244(d)(1)(D).  Nor do his claims concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Thus, the one-year limitations period for petitioner's claims ran from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

The Texas Court of Criminal Appeals refused discretionary review in petitioner's direct appeal on March 29, 2006.  Accordingly, petitioner's conviction became final for purposes of AEDPA limitations ninety days later, on Tuesday, June 27, 2006.  *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (holding that "finality" is determined by when time for filing further appeals expires); SUP. CT. R. 13(1).  Absent tolling, petitioner's one-year limitations period for filing a federal habeas petition expired one year later, on June 27, 2007.

7

Petitioner filed his first application for state habeas relief with the trial court on June 26, 2007, one day prior to expiration of limitations.  He filed an amended application on February 23, 2018.  Petitioner's application was dismissed as non-compliant by the Texas Court of Criminal Appeals on April 8, 2020.  Because the first application for state habeas relief was ultimately dismissed as non-compliant, it was not a "properly filed" state application and did not act to toll limitations.  *See North v. Davis*, 800 F. App'x 211, 214 (5th Cir. 2020) ("[A] petition dismissed by the TCCA for noncompliance with Rule 73.1 is not properly filed and does not toll AEDPA's limitations period.").

Petitioner filed a second (compliant) application for state habeas relief on December 3, 2020. Because petitioner's second application for state habeas relief was filed after expiration of limitations, it, too, provided petitioner no tolling benefit.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Finally, Scott's habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitations had expired.").  As a result, petitioner's applications for state habeas relief in the instant case had no statutory tolling effect.

The AEDPA one-year limitation can be equitably tolled, as it is not a jurisdictional bar.  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  However, a habeas petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Petitioner does not

raise, and the record does not evince, grounds for application for equitable tolling in this case.

Petitioner's habeas claims are barred by limitations, and respondent is entitled to summary judgment dismissal of the claims.

### Conclusion

For the above reasons, respondent's motion for summary judgment (Docket Entry No. 23) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE.  Any and all pending motions are DENIED.  A certificate of appealability is DENIED.

Signed at Houston, Texas, on February __7__, 2022.

Gray H. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHAN BERNARD GUILLORY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1831 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

### *Final Judgment*

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, this lawsuit is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

Signed at Houston, Texas, on February _____, 2022.

_____
Gray H. Miller
Senior United States District Judge